UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

HAROLD STAFFNEY,

Plaintiff,

v.

Case No. 2:26-cv-13142
Honorable Linda V. Parker

HEIDI WASHINGTON,

Defendant,
___________________________________/

**OPINION AND ORDER DENYING APPLICATION TO PROCEED WITHOUT PREPAYMENT OF FEES AND COSTS AND DISMISSING PLAINTIFF'S COMPLAINT**

Plaintiff Harold Staffney, incarcerated at the Richard A. Handlon Correctional Facility in Ionia, Michigan, has filed a pro se Complaint pursuant to 42 U.S.C. § 1983. Having reviewed the Complaint and Plaintiff's litigation history in the federal courts, the Court dismisses this matter without prejudice pursuant to 28 U.S.C. § 1915(g).

## I. BACKGROUND

28 U.S.C. § 1914(a) provides that "[t]he clerk of each district court shall require the parties instituting any civil action, suit or proceeding in such court, whether by original process, removal or otherwise, to pay a filing fee of $350 . . .." *See also Owens v. Keeling,* 461 F.3d 763, 773 (6th Cir. 2006). The Prisoner Litigation Reform Act of 1995 (PLRA) states that "if a prisoner brings a civil

action or files an appeal in forma pauperis, the prisoner shall be required to pay the full amount of a filing fee." 28 U.S.C. § 1915(b)(1); *see also In Re Prison Litig. Reform Act*, 105 F.3d 1131, 1138 (6th Cir. 1997). The in forma pauperis statute allows prisoners the opportunity to make a "downpayment" of a partial filing fee and then pay the remainder in installments. *See* 28 U.S.C. § 1915(a). Plaintiff did not pay the $350.00 filing fee, plus a $ 55.00 administrative fee, when he filed his Complaint. So, the Court presumes that he intends to proceed without prepaying the filing fee ("IFP").

When a prisoner proceeds IFP, the court must screen the complaint and dismiss any claims or portion of the complaint that are frivolous, malicious, or fail to state a claim upon which relief could be granted or if monetary relief is sought from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b). The statute also imposes a "three-strikes" rule. 28 U.S.C. § 1915(g). Unless the prisoner is under imminent danger of serious physical injury, the rule bans lawsuits by a prisoner who has, on three or more occasions, had a complaint dismissed on the grounds that it was frivolous, malicious, or failed to state a claim. *Id*. A federal court may take judicial notice of an incarcerated plaintiff's prior dismissals for purposes of § 1915(g). *See Taylor v. United States*, 161 F. App'x 483, 485-86 (6th Cir. 2005).

Federal courts have dismissed *at least* five of Plaintiff's prior lawsuits as frivolous, malicious, or for failing to state a claim upon which relief may be granted. *See Staffney v. Cohle*, No. 2:16-cv-131, 2016 WL 3514325 (W.D. Mich. Jun. 28, 2016); *Staffney v. Allen*, 1:97-cv-891 (W.D. Mich. Jun. 18, 1998); *Staffney v. Benson*, 4:96-cv-55 (W.D. Mich. March 12, 1996); *Staffney v. Caruso*, No. 2:95-cv-98 (W.D. Mich. Mar. 20, 1995); *Staffney v. Glynn*, No. 1:94-cv-56 (W.D. Mich. Feb. 11, 1994). Additionally, on several occasions, courts have denied Plaintiff leave to proceed without prepayment of the filing fee based on the three-strikes rule. *See, e.g., Staffney v. Cohle*, No. 26-cv-11755, 2026 WL 2257409 (E.D. Mich. Aug. 5, 2026); *Staffney v. Cole*, No. 2:22-cv-12820, 2023 WL 113037 (E.D. Mich. Jan. 5, 2023), *appeal dismissed sub nom. Staffney v. Cohle*, No. 23-1149, 2023 WL 9785710 (6th Cir. Sept. 27, 2023); *Staffney v. Unknown Part(y)(ies)*, No. 2:21-cv-43, 2021 WL 972813 (W.D. Mich. Mar. 16, 2021); *Staffney v. Washington, et al.*, No. 2:20-cv-133, 2020 WL 4592776 (W.D. Mich. Aug. 11, 2020); *Staffney v. Palmer*, No. 1:17-cv-403, 2017 WL 1905865 (W.D. Mich. May 10, 2017); *Staffney v. Lewis,* No. 12-cv-10524, 2012 WL 2501122 (E.D. Mich. Feb. 27, 2012); *Staffney v. Bayne*, No. 4:04-cv-41 (W.D. Mich. Apr. 12, 2004).

In his current Complaint, Plaintiff alleges no facts establishing that he is in imminent danger of serious physical injury. Thus, he does not come within the exception to the mandate of § 1915(g). *See Gresham v. Meden*, 938 F.3d 847, 849;

*Mulazim v. Mich. Dept. of Corr.*, 28 F. App'x 470, 472 (6th Cir. 2002). Instead, Plaintiff appears to once again challenge the constitutionality of his 1987 criminal conviction for first-degree murder and felony-firearm out of the Kent County Circuit Court by claiming that prosecuting attorneys failed to conduct a probable cause or preliminary hearing in his case.[1] Plaintiff's challenge to his criminal conviction does not satisfy the imminent danger exception of the three-strikes rule, as two judges previously informed him. *See Staffney v. Cohle,* 2026 WL 2257409, at *2; *Staffney v. Col*e, 2023 WL 113037, at * 2. Plaintiff's challenges to the constitutionality of his criminal conviction "do not raise the danger of physical harm" so as to come within the imminent danger exception for § 1915(g). *Staffney v. Cole*, No. 2023 WL 113037, at *2 (quoting *Childress v. Quisenberry*, 2:11-cv-12096, 2011 WL 5166433, *2 (E.D. Mich. Oct. 31, 2011)). The imminent danger

---

[1] Plaintiff previously challenged his conviction in a habeas petition, which was dismissed because Plaintiff failed **Error! Main Document Only.**to comply with the one-year statute of limitations contained in 28 U.S.C. § 2244(d). *See Staffney v. Berghuis*, No. 4:03–cv-106 (W.D. Mich. Aug. 20, 2003), *appeal dismissed*, No. 03-2187 (6th Cir. Mar. 8, 2004); *cert. den.* 543 U.S. 841 (2004); *reh. den.* 543 U.S. 1016 (2004). The Sixth Circuit has denied Plaintiff permission to file a second or successive habeas petition six times. *See In Re Staffney*, No. 07-2087 (6th Cir. April 15, 2008); *In Re Staffney*, No. 14-1066 (6th Cir. August 29, 2014); *In Re Staffney,* No. 18-1130 (6th Cir. May 23, 2018); *In Re Staffney,* No. 19-1333 (6th Cir. Jan. 8, 2020); *In Re Staffney,* No. 19-1359 (6th Cir. Jan. 8, 2020); *In Re Staffney,* No. 21-1013 (6th Cir. Aug. 2, 2021). Plaintiff has also attempted unsuccessfully to challenge the Michigan Parole Board's refusal to recommend that his non-parolable life sentence be commuted. *Staffney v. Campbell*, No. 18-13922, 2019 WL 415009 (E.D. Mich. Jan. 31, 2019).

exception to the "three strikes" provision of § 1915(g) requires that the imminent danger be contemporaneous with the complaint's filing. *See Vandiver v. Vasbinder,* 416 F. App'x 560, 562 (6th Cir. 2011). Plaintiff's allegations fail to show that there is any imminent danger of death or serious physical injury that is contemporaneous with the filing of his current Complaint.

Plaintiff's Complaint shall be dismissed pursuant to § 1915(g). Plaintiff may, however, resume any of the claims dismissed under § 1915(g) if he decides to pay the filing fee under the fee provisions of 28 U.S.C. § 1914. *Witzke,* 966 F. Supp. at 540.

As Plaintiff has five prior cases dismissed against him for being frivolous, malicious, or for failing to state a claim, § 1915(g) bars him from appealing in forma pauperis. 28 U.S.C. § 1915(g); *see White v. Sturm*, 737 F. Supp. 3d 576, 579 (E.D. Mich. 2024). The Court therefore certifies that any appeal from this dismissal would not be in good faith.

## II. ORDER

**IT IS ORDERED** that Plaintiff's Complaint is **SUMMARILY DISMISSED WITHOUT PREJUDICE** pursuant to 28 U.S.C. § 1915(g).

**IT IS FURTHER ORDERED** that any appeal taken by Plaintiff would not be done in good faith.

s/ Linda V. Parker
LINDA V. PARKER
U.S. DISTRICT JUDGE

Dated: September 9, 2026

I hereby certify that a copy of the foregoing document was mailed to counsel of record and/or pro se parties on this date, September 9, 2026, by electronic and/or U.S. First Class mail.

s/R. Thieme
Case Manager